IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEITH HEWITT,

                    Petitioner,                    ORDER

    v.                                                  08-cv-172-bbc

DEIRDRE MORGAN, Warden,
Oakhill Correctional Institution,

                    Respondent.

---

Keith Hewitt, an inmate at the Oakhill Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. As explained below, the petition appears to be untimely. Accordingly, I am not respondent to respond to it at this time. Instead, I will give petitioner the opportunity to respond to this order with facts showing that the petition is timely or that equitable circumstances exist to excuse his untimely filing.

ALLEGATIONS OF THE PETITION

Petitioner challenges his confinement resulting from his 1998 and 1999 bail jumping convictions in the Circuit Court for Wood County. According to the petition, petitioner was sentenced to probation on both cases on June 10, 1999. He did not file a direct appeal of

either conviction. Petitioner's convictions became final on June 30, 1999. Wis. Stat. § 809.30(2)(b) (defendant who intends to seek postconviction relief must file notice within 20 days after sentencing).

In late 2003 or early 2004, petitioner's probation was revoked. On March 9, 2004, the circuit court sentenced him to a total of six years in prison. It appears that petitioner did not appeal this sentence. However, sometime in 2006, petitioner filed a postconviction motion in the Wood County circuit court pursuant to Wis. Stat. § 974.06, Wisconsin's collateral attack statute. In the motion, petitioner alleged that his original conviction was invalid because the charges were multiplicitous and his lawyer was ineffective in various ways. The circuit court denied the motion because it was conclusory and because petitioner had failed to state a reason for failing to raise his claims on direct appeal. On October 2, 2007, the state court of appeals affirmed the trial court, and on January 22, 2008, the state supreme court denied petitioner's request for review.

## DISCUSSION

As with his state court postconviction motion, petitioner does not seek habeas relief on the ground that either his probation revocation or his sentence after revocation is invalid. Instead, he challenges the validity of his underlying convictions for bail jumping. Unfortunately for petitioner, it is far too late for him to do so. Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner has one year from the date on which his conviction becomes

final in which to file a federal habeas petition. Petitioner's conviction became final on June 30, 1999, the last date on which he could have filed a direct appeal. His deadline for filing a federal habeas petition expired one year later, on June 30, 2000. Although the filing of a state court motion for collateral review tolls the one-year limitations period, 28 U.S.C. § 2244(d)(2), petitioner did not file his state court motion until 2006, well after his limitations period had expired. In order to toll the limitations period, petitioner would have had to file a state court motion *before* his limitations period expired. Fernandez v. Sternes, 227 F.3d 977, 979 (7th Cir. 2000).

Petitioner's subsequent probation revocation and sentencing in 2004 did not "reopen" his underlying conviction to attack. When a sentence is withheld and the defendant is placed on probation, any challenges relating to that conviction, including to the plea, must be made at that time. State v. Tobey, 200 Wis.2d 781, 784, 584 N.W.2d 95 (Ct. App.1996); State v. Drake, 184 Wis.2d 396, 399, 515 N.W.2d 923 (Ct. App.1994). A postconviction motion for relief after sentence has been imposed after probation revocation may raise issues only related to that sentence. Tobey, 200 Wis.2d at 784, 548 N.W.2d 95. Thus, insofar as petitioner suggests that the lawyer who represented him during post-revocation proceedings was ineffective for failing to raise petitioner's challenges to his underlying convictions, that claim has no merit.

Accordingly, it appears that the petition is untimely unless petitioner can establish circumstances that would justify starting the running of the limitations period on some later

3

date. A date after the conviction became final may be appropriate if the petitioner is seeking relief on the basis of facts that could not have been discovered earlier, § 2244(d)(1)(D), or on the basis of a new constitutional right recognized by the Supreme Court, if that right was also "made retroactively applicable to cases on collateral review." § 2244(d)(1)(C). Petitioner has not alleged any facts in his petition to suggest that either of these circumstances is present in this case. Further, nothing in the petition suggests that any extraordinary circumstance beyond petitioner's control impeded him from filing his petition sooner. Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007) (describing doctrine of equitable tolling); see also § 2244(d)(1)(B) (providing that limitations period may be tolled if state impeded petitioner from filing petition sooner). Although petitioner asserts that he did not appeal his convictions in 1999 because he was taking pain medication that prevented him from understanding the seriousness of the charges or his right to appeal, he offers no explanation why it took him approximately seven years to gain this understanding. Lawrence, 127 S. Ct. at 1085 (to be entitled to equitable tolling, petitioner must show that he has been pursuing his rights diligently). The fact that petitioner did not expect his probation to be revoked is not an extraordinary circumstance beyond his control.

  For all these reasons, the petition appears to be untimely. Before dismissing it, however, I will allow petitioner the opportunity to present any facts and arguments he can muster to show that his petition is in fact timely, that circumstances exist that would justify tolling the statute of limitations for equitable reasons or that the interests of justice would

4

be better served by addressing the merits of the petition.  Day v. McDonough, 547 U.S. 198, 209-10 (2006) (district court may consider timeliness of habeas petition on its own initiative so long as it gives petitioner opportunity to present his position).

ORDER

IT IS ORDERED that petitioner has until April 25, 2008, within which to show cause why his petition is not untimely.  If petitioner fails to make such a showing, or if he fails to file a response within this deadline, the court will find that his petition is untimely and will enter an order dismissing the petition with prejudice.

Entered this 2nd day of April, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge